Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2009 JUN 29 PM 4: 53

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM | ) CRIMINAL CASE NO. CM0154-09 |
| | ) |
| vs. | ) |
| | ) |
| AIAUO AITEN, | ) DECISION AND ORDER |
| | ) |
| Defendant. | ) |
| | ) |

This matter came before the Honorable Alberto C. Lamorena III on May 12, 2009 on Defendant's Motion for Dismissal, Motion for Civil Compromise, and Motion for Diversion. Attorney William Pole appeared on behalf of the People of Guam. Appearing on behalf of Defendant was Attorney Maria G. Fitzpatrick. After reading the parties' briefs, the Court took the matters under advisement. The Court now issues its Decision and Order.

## FACTUAL HISTORY

On February 15, 2009, the Defendant was arrested and subsequently charged with the offenses of Family Violence as a Misdemeanor and Criminal Mischief as a Misdemeanor. It is

-1-

alleged that the Defendant damaged the screen window of the residence of the victim, his girlfriend, and had grabbed her dress, putting her in fear of bodily injury.

## DISCUSSION

Defendant argues that the case should be dismissed on de minimus grounds, or in the alternative, that the charge of Criminal Mischief be dismissed due to civil compromise, and that he be granted diversion on the charge of Family Violence. The People contend that the acts allegedly committed by the Defendant harm the community as well as the victim, that the charge of Criminal Mischief is inexorably tied to the charge of Family Violence, and that Defendant's hesitation to enter into the diversion program makes him a bad candidate for the process.

Under Title 7 Guam Code Annotated §7.67, the Court shall dismiss a prosecution if it finds that the defendant's conduct: (a) Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense; (b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or (c) Presents such other extenuations that it cannot be reasonably be regarded as envisaged by the Legislature in forbidding the offense. The Court does not find that these factors apply in this matter. The allegation of fear of harm to the victim and her children, especially when combined with the allegation that alcohol was a factor, does not warrant dismissal on de minimus grounds.

Pursuant to Title 9 Guam Code Annotated §80.90(b), the Court may order a criminal action dismissed if the injured party, having a remedy by a civil action in a matter in which the defendant has not been charged with a felony, acknowledges that he has received satisfaction for the injury. The Defendant has presented a declaration by the injured party, the landlord of the premises, that the landlord has received satisfaction for the injury. The People argue that this does not warrant dismissal, as the charges of Family Violence and Criminal Mischief are intertwined. The People do not cite any cases supporting this proposition, nor was the Court able

to find any. A review of the elements of the crimes show no overlap, and dismissal of one charge would not prevent the People from introducing related evidence at trial to prove the other charge. The Court finds the People's concerns are without merit, and grants Defendant's Motion for Civil Compromise on the charge of Criminal Mischief as a Misdemeanor.

Though Defendant is statutorily eligible for diversion under Title 9 G.C.A. §30.80(a), the People object to Defendant's motion pursuant to Title 9 G.C.A. §30.80(d), arguing that the Defendant's attempt to dismiss the matter demonstrates the likelihood that Defendant will be unsuccessful at completing the diversion process. Defendant argues that no bodily injury was inflicted upon the victim, no threats were made, he has no prior criminal record, and that the victim supports the Defendant's motion.

The Court has the discretion, under Title 9 G.C.A. §30.80(e), to consider an application for the diversion process from the Defendant. Under §30.80.1(a), the Court considers the nature and extent of the injury inflicted upon the victim, any prior incidents of family violence by the Defendant, and any factors which would adversely influence the likelihood of successful completion of the diversion process.

As Defendant points out, there are no physical injuries or threats in this matter, nor does Defendant have a prior criminal record. The People's only evidence that they believe factors against offering diversion in this matter is the Defendant's filing of this Motion to Dismiss. This is not a legitimate argument presented by the People, and is not the proper use of prosecutorial discretion. The People are reminded that the attorneys for the Defendant have an ethical obligation to fully represent the Defendant's interests and assert his Constitutional rights. Punishing the Defendant for filing a motion by withdrawing the opportunity for the Defendant to receive treatment and counselling appears to advance the interest of the individual prosecutor rather than the interests of the people of Guam he purports to represent.

## CONCLUSION

-3-

Based on the above, Defendant's Motion to Dismiss on de minimus grounds is hereby DENIED, Defendant's Motion for Civil Compromise is hereby GRANTED, and Defendant's Motion for Diversion is hereby GRANTED. A trial setting will be held on July 7, 2009.

**IT IS SO ORDERED** this 29th day of June, 2009.

**Alberto C. Lamorena III**
Presiding Judge
Superior Court of Guam

JUN 3 0 2009

-4-